**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DARLENE DAUGHTRY, et al., | : | |
| Plaintiffs, | : | Civil Action No. 1:08-cv-963 |
| | : | |
| v. | : | |
| | : | Hon. Sue L. Robinson |
| FAMILY DOLLAR STORES, INC., | : | |
| a Delaware Corporation. | : | Filed on February 27, 2009 |
| | : | |
| | : | |

## DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Family Dollar Stores, Inc. ("Family Dollar")[1] hereby files its Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiffs Darlene Daughtry, Kelvin Daughtry, Hope McCain, Candace R. Saunders, Claudia M. Benson, Sylvia Cooper, Monique Walker, and Daisy Harris ("Plaintiffs"), and responds to the correspondingly numbered paragraphs of the Amended Complaint as follows:

### Introduction

1.      Family Dollar admits that Plaintiffs purport to bring this action as alleged in Paragraph 1 of Plaintiffs' Amended Complaint.  Family Dollar denies that it discriminated against the Plaintiffs in any manner or as protected by law.

2.      Family Dollar admits that Plaintiffs purport to bring this action as alleged in

---

[1] Plaintiffs' Amended Complaint names Family Dollar Stores, Inc., a Delaware Corporation as Defendant. However, Family Dollar Stores of Delaware, Inc., a subsidiary of Family Dollar Stores, Inc., employed Plaintiffs Darlene Daughtry, Hope McCain, Candace R. Saunders, and Monique Walker.  Family Dollar Stores of New Jersey, Inc., also a subsidiary of Family Dollar Stores, Inc., employed Plaintiffs Kelvin Daughtry, Claudia M. Benson, Sylvia Cooper, and Daisy L. Harris. Family Dollar Stores, Inc. hereby answers Plaintiffs' Amended Complaint on behalf of both Family Dollar Stores of Delaware, Inc. and Family Dollar Stores of New Jersey, Inc.

Paragraph 2 of Plaintiffs' Amended Complaint. Family Dollar denies that it violated said laws.

## Jurisdiction

3.      The allegations contained in Paragraph 3 state conclusions of law to which no response is required. To the extent a response is required, Family Dollar denies the allegations set forth in this paragraph.

4.      The allegations contained in Paragraph 4 state conclusions of law to which no response is required. To the extent a response is required, Family Dollar denies the allegations set forth in this paragraph.

5.      The allegations contained in Paragraph 5 state conclusions of law to which no response is required. To the extent a response is required, Family Dollar denies the allegations set forth in this paragraph.

6.      The allegations contained in Paragraph 6 state conclusions of law to which no response is required. To the extent a response is required, Family Dollar denies the allegations set forth in this paragraph.

## Venue

7.      The allegations contained in Paragraph 7 state conclusions of law to which no response is required. To the extent a response is required, Family Dollar denies the allegations set forth in this paragraph.

## Parties

9.      The allegations set forth in Paragraph 9 are not directed at Family Dollar and therefore no response is required. To the extent a response is required, Family Dollar admits that Darlene Daughtry purports to be an American citizen of African-American descent who resides at 205 White Pine Court, Bear, Delaware, and is a citizen of the State of Delaware.

10.     The allegations set forth in Paragraph 10 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, Family Dollar admits that Kelvin Daughtry purports to be an American citizen of African-American descent who resides at 205 White Pine Court, Bear, Delaware, and is a citizen of the State of Delaware.

11.     The allegations set forth in Paragraph 11 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, Family Dollar admits that Hope McCain purports to be an American citizen of African-American descent who resides at 2412 N. Market St., Apt. 410, Wilmington, Delaware, 19802, and is a citizen of the State of Delaware.

12.     The allegations set forth in Paragraph 12 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, Family Dollar admits that Candace R. Saunders purports to be an American citizen of African-American descent who resides at 207 West Plover Drive, Newark, Delaware, 19702, and is a citizen of the State of Delaware.

13.     The allegations set forth in Paragraph 13 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, Family Dollar admits that Claudia M. Benson purports to be an American citizen of African-American descent who resides at 6541 Torresdale Avenue, Philadelphia, Pennsylvania 19135 and is a citizen of the Commonwealth of Pennsylvania.

14.     The allegations set forth in Paragraph 14 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, Family Dollar admits that Sylvia Cooper purports to be an American citizen of African-American descent who resides at 7421 Gilbert Street, Philadelphia, Pennsylvania 19138, and is a citizen of the Commonwealth of Pennsylvania.

15.     The allegations set forth in Paragraph 15 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, Family Dollar admits that Monique Walker purports to be an American citizen of African-American descent who resides at 4934 Ormes Street, Philadelphia, Pennsylvania 19140, and is a citizen of the Commonwealth of Pennsylvania.

16.     The allegations set forth in Paragraph 16 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, Family Dollar admits that Daisy Harris purports to be an American citizen of African-American descent who resides at 37 South Pine Street, Cumberland, New Jersey 08302, and is a citizen of the State of New Jersey.

17.     Admitted in part, denied in part.  Family Dollar denies that it maintains a place of business at 10 S. Virginia Avenue, Pennsgrove, New Jersey or 1109 Fifth Street, Salem, New Jersey.  Family Dollar admits that it is located at 10401 Monroe Road, Matthews, North Carolina, 28105, and has stores at 2082 New Castle Avenue, New Castle, Delaware; 235 S. Broadway, Pennsville, New Jersey; and 31 Broad Street, Suite. 3-A, Bridgeton, New Jersey.  The remaining allegations set forth in Paragraph 17 are conclusions of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 17.

18.    Paragraph 18 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 18.

### Factual Allegations

### Darlene Daughtry

19.    Family Dollar incorporates its previous responses as if fully set forth herein.

20.    Denied as stated.  Family Dollar hired Ms. Daughtry on September 10, 2002 as a Store Manager.  On December 20, 2003, Ms. Daughtry was promoted to the position of District Manager.

21.    Denied.

22.    Denied.

23.    The allegations set forth in Paragraph 23 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 23.

24.    The allegations set forth in Paragraph 24 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 24.

25.    Denied.

26.    Denied.

27.    Denied as stated.  Family Dollar admits that its Loss Prevention Department investigated the store to which Ms. Daughtry was assigned.  Family Dollar denies the remaining allegations set forth in Paragraph 27.

28.    Denied.

29.     Admitted in part; denied in part.  Family Dollar admits that it hired Carl Evans as a Clerk in January 2007.  Family Dollar denies the remaining allegations set forth in Paragraph 29.

30.     The allegations set forth in Paragraph 30 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, after reasonable investigation, Family Dollar does not have knowledge or information to form a conclusion as to the allegations set forth in Paragraph 30 and therefore they are denied.

31.     The allegations set forth in Paragraph 31 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, after reasonable investigation, Family Dollar does not have knowledge or information to form a conclusion as to the allegations set forth in Paragraph 31 and therefore they are denied.

32.     Denied as stated.  Family Dollar admits Mr. Stifano informed Ms. Daughtry that a Loss Prevention representative by the name of Chris Benson would investigate Store #810.  The remaining allegations set forth in Paragraph 32 are denied.

33.     Denied.

34.     Admitted in part, denied in part.  Family dollar admits that in or around early April 2007, Mr. Stifano requested that Ms. Daughtry meet him at Store #810 to complete an inventory exercise.  The remaining allegation of Paragraph 34 are not directed at Family dollar and therefore, no response is required.  To the extent a response is required, Family Dollar denies the remaining allegations set forth in Paragraph 34.

35.     Denied as stated.  Mr. Stifano called Ms. Daughtry in April 2007 and requested that she meet him at Store # 810 for a work related meeting.  Family Dollar denies the remaining allegations set forth in Paragraph 35.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Paragraph 39 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 39.

## Kelvin Daughtry

40.     Family Dollar incorporates its previous responses as if fully set forth herein.

41.     Denied as stated.  Family Dollar hired Mr. Daughtry in June 2004.  After working at several Family Dollar store locations, from May 2006 through June 2007, Mr. Daughtry worked at a Pennsville, NJ store.

42.     Denied.

43.     Admitted.

44.     Admitted in part, denied in part.  Family Dollar admits that Mr. Daughtry failed to properly complete store schematics as required by Family Dollar.  Family Dollar denies that Mr. Daughtry failed to complete his assignment due to a staff shortage or personal injury.

45.     Admitted in part, denied in part.  Family Dollar admits that Mr. Stifano communicated with Mr. Daughtry on or around June 4, 2007 and asked if he was available to meet on June 6, 2007.  After reasonable investigation, Family Dollar does not have knowledge or information to form a conclusion as to the remaining allegations set forth in Paragraph 45 and therefore they are denied.

46.     Admitted in part; denied in part.  Family Dollar admits Mr. Stifano requested that Mr. Daughtry meet with him on June 6, 2007.  Family Dollar denies the remaining allegations set forth in Paragraph 46.

47.     The allegations set forth in Paragraph 47 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, after reasonable investigation, Family Dollar does not have knowledge or information to form a conclusion as to the allegations set forth in Paragraph 47 and therefore they are denied.

48.     The allegations set forth in Paragraph 48 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, after reasonable investigation, Family Dollar does not have knowledge or information to form a conclusion as to the allegations set forth in Paragraph 48 and therefore they are denied.

49.     Denied.

50.     Denied.

51.     Admitted.

52.     Denied.

53.     Paragraph 53 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 53.

### Hope McCain

54.     Family Dollar incorporates its previous responses as if fully set forth herein.

55.     Admitted in part, denied in part.  Family Dollar admits that it hired Ms. McCain in March 2006 as a Cashier.  Family Dollar denies the remaining allegations set forth in Paragraph 55.

56.     Admitted.

57.     Denied.

58.     Admitted in part, denied in part.  Family Dollar admits that Mr. Flyzik came to the store in which Ms. McCain worked.  Family Dollar denies the remaining allegations set forth in Paragraph 58.

8

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied as stated.  Family Dollar terminated Ms. McCain's employment on March 15, 2007 for falsification of her employment application.  Family Dollar denies the remaining allegations set forth in Paragraph 62.

63.     Denied.

64.     Paragraph 64 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 64.

### Candace R. Saunders

65.     Family Dollar incorporates its previous responses as if fully set forth herein.

66.     Denied as stated.  Family Dollar hired Ms. Saunders on February 25, 2007 as a Cashier.  Ms. Daughtry served as Ms. Saunders' supervisor.  Family Dollar denies the remaining allegations set forth in Paragraph 66.

67.     The allegations set forth in Paragraph 67 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 67.

68.     Admitted in part, denied in part.  Family Dollar admits that Ms. Daughtry was on leave from work in or about April 2006.  Family Dollar denies the remaining allegations set forth in Paragraph 68..

69.     The allegations set forth in Paragraph 69 are not directed at Family Dollar and therefore no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 69.

70.     Denied.

71. Denied.

72. Denied.

73. Admitted in part, denied in part. Family Dollar admits that Ms. Saunders was informed that her employment was being terminated due to her work ethic. Family Dollar denies the remaining allegations set forth in Paragraph 73.

74. Paragraph 74 is a conclusion of law to which no response is required. To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 74.

### Claudia M. Benson

75. Family Dollar incorporates its previous responses as if fully set forth herein.

76. Denied as stated. Family Dollar hired Ms. Benson on May 25, 2006. After various promotions and demotions, she was assigned to the position of Assistant Manager on November 12, 2006. On December 7, 2006, Family Dollar terminated Ms. Benson's employment.

77. Admitted in part, denied in part. Family Dollar admits Mr. Stifano told Ms. Benson that he received complaints about her being rude to employees and customers. Family Dollar denies Mr. Stifano told Ms. Benson that she had been seen leaving the store with "D-100" items.

78. Admitted in part, denied in part. Family Dollar admits that Family Dollar terminated Ms. Benson's employment due a violation of policies. Family Dollar denies the remaining allegations set forth in Paragraph 78.

79. Denied.

80. Denied.

81. Paragraph 81 is a conclusion of law to which no response is required. To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 81.

### Sylvia Cooper

82.     Family Dollar incorporates its previous responses as if fully set forth herein.

83.     Admitted in part, denied in part.  Family Dollar admits that it hired Ms. Cooper as an Assistant Manager on June 17, 2006.  Family Dollar denies the remaining allegations set forth in Paragraph 83.

84.     Admitted in part, denied in part.  Family Dollar admits that Ms. Cooper was responsible for subordinate employees.  Family Dollar denies the remaining allegations set forth in Paragraph 84.

85.     Denied as stated.  In September 2006, Mr. Stifano became a District Manager and Ms. Cooper's supervisor.

86.     Admitted in part, denied in part.  Family Dollar admits that the store to which Ms. Cooper was assigned did experience theft.  Family Dollar denies the remaining allegations set forth Paragraph 86.

87.     Denied.

88.     Admitted in part, denied in part.  Family Dollar admits that Mr. Stifano informed Ms. Cooper that her employment was terminated on December 7, 2007.  Family Dollar denies the remaining allegations set forth in Paragraph 88.

89.     Paragraph 89 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 89.

### Monique Walker

90.     Family Dollar incorporates its previous responses as if fully set forth herein.

91.     Admitted in part, denied in part.  Family Dollar admits that it hired Ms. Walker on October 25, 2002 as a Clerk in a Middletown, Delaware store as a Clerk.  Family Dollar denies the remaining allegations set forth in Paragraph 91.

92.     Admitted.

93.     Denied as stated.  Family Dollar's Loss Prevention Department has investigated Family Dollar's New Castle, Delaware store at various times, including in 2007.

94.     Denied.

95.     Paragraph 95 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 95.

96.     Paragraph 96 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 96.

**Daisy L. Harris**

97.     Family Dollar incorporates its previous responses as if fully set forth herein.

98.     Denied as stated.  Family Dollar hired Ms. Harris on November 26, 1997 as a Clerk.  On December 31, 2000, Ms. Harris was assigned to the position of Manager.

99.     Denied.

100.    Admitted.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied as stated.  Family Dollar terminated Ms. Harris' employment on January 13, 2007.

105.    Denied.

106.    Paragraph 106 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 106.

**Relationship Among Plaintiffs**

107.    Paragraph 107 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 107

108.    Denied.

109.    Paragraph 109 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 109.

110.    Paragraph 110 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 110.

111.    Paragraph 111 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 111.

112.    Denied.

## Other Allegations

113.    Paragraph 113 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 113.

114.    Paragraph 114 is a conclusion of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 114.

## Count I [2]

115.    Family Dollar incorporates its previous responses as if fully set forth herein.

116.    The allegations of Paragraph 116 are conclusions of law to which no response is required.  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 116.

(a)    Denied.

(b)    Denied.

---

[2] This Court's July 10, 2009 Order (D.E. 17) dismissed Count I as it applies to Plaintiffs Kelvin Daughtry, Benson, Cooper, Walker, and Harris, and as it applies to  Plaintiff Darlene Daughtry's race and sex claims.  Therefore, Family Dollar answers Count I only with respect to Plaintiff Darlene Daughtry's retaliation claim, Plaintiff McCain's claim, and Plaintiff Saunders' claim.

(c)     Denied.

**WHEREFORE**, Family Dollar requests that this Court dismiss Count I of Plaintiffs' Amended Complaint with prejudice and enter judgment in favor of Family Dollar and against Plaintiffs.

**Count II**

117.    Family Dollar incorporates its previous responses as if fully set forth herein.

118.    Denied.

(a)     Denied.

(b)     Denied.

119.    Denied.

**WHEREFORE**, Family Dollar requests that this Court dismiss Count II of Plaintiffs' Amended Complaint with prejudice and enter judgment in favor of Family Dollar and against Plaintiffs.

**Count III**

120.    Family Dollar incorporates its previous responses as if fully set forth herein.

121.    Count III of Plaintiffs' Amended Complaint has been dismissed by this Court, and therefore no response is required.

(a)     Count III of Plaintiffs' Amended Complaint has been dismissed by this Court, and therefore no response is required.

(b)     Count III of Plaintiffs' Amended Complaint has been dismissed by this Court, and therefore no response is required.

(c)     Count III of Plaintiffs' Amended Complaint has been dismissed by this Court, and therefore no response is required.

(d)     Count III of Plaintiffs' Amended Complaint has been dismissed by this Court, and therefore no response is required.

## Count IV

122.    Family Dollar incorporates its previous responses as if fully set forth herein.

123.    The allegations of Paragraph 123 are subject to a pending Motion for Reargument or Reconsideration Pursuant to Local District Court Civil Rule 7.1.5, or Motion to Alter or Amend a Judgment Pursuant to Fed. Rule of Civ. P. 59 (e).  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 123.

(a)    The allegations of Paragraph 123 (a) are subject to a pending Motion for Reargument or Reconsideration Pursuant to Local District Court Civil Rule 7.1.5, or Motion to Alter or Amend a Judgment Pursuant to Fed. Rule of Civ. P. 59 (e).  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 123 (a).

(b)    The allegations of Paragraph 123 (b) are subject to a pending Motion for Reargument or Reconsideration Pursuant to Local District Court Civil Rule 7.1.5, or Motion to Alter or Amend a Judgment Pursuant to Fed. Rule of Civ. P. 59 (e).  To the extent a response is required, Family Dollar denies the allegations set forth in Paragraph 123 (b).

**WHEREFORE**, Family Dollar requests that this Court dismiss Count IV of Plaintiffs' Amended Complaint with prejudice and enter judgment in favor of Family Dollar and against Plaintiffs.

## Count V

124.    Family Dollar incorporates its previous responses as if fully set forth herein.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

WHEREFORE, Family Dollar requests that this Court dismiss Count V of Plaintiffs' Amended Complaint with prejudice and enter judgment in favor of Family Dollar and against Plaintiffs.

## Count VI [3]

130. Family Dollar incorporates its previous responses as if fully set forth herein.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

WHEREFORE, Family Dollar requests that this Court dismiss Count VI of Plaintiffs' Amended Complaint with prejudice and enter judgment in favor of Family Dollar and against Plaintiffs.

## Prayer for Relief

Family Dollar denies the propriety of each and every of Plaintiffs' requests or prayers for relief. Family Dollar requests that the Court deny Plaintiffs' requested relief.

---

[3] This Court's July 10, 2009 Order (D.E. 17) dismissed Count VI as it applies to Plaintiff Walkers' claims and Plaintiff Kelvin Daughtry's Title VII claim. Therefore, Family Dollar answers Count VI only with respect to Plaintiff Kelvin Daughtry's § 1981 claim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### Second Affirmative Defense

At all times, Family Dollar acted toward Plaintiffs in good faith and did not willfully violate 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981 ("§1981"), the New Jersey Law Against Discrimination ("NJ LAD"), or any other state, local, or federal law or statute.

### Third Affirmative Defense

Plaintiffs has failed to state any claim upon which relief can be granted.

### Fourth Affirmative Defense

The doctrine of after-acquired evidence, and in particular Plaintiffs' own improper conduct, bars or reduces their claims for relief.

### Fifth Affirmative Defense

Plaintiffs failed to exhaust all administrative avenues of relief.

### Sixth Affirmative Defense

Plaintiffs failed to assert the necessary elements of a *prima facie* case of discrimination in violation of Title VII, § 1981, or the NJ LAD.

### Seventh Affirmative Defense

Plaintiffs has failed to assert the necessary elements of a *prima facie* case of retaliation in violation of Title VII, § 1981, or the NJ LAD.

### Eighth Affirmative Defense

Family Dollar maintains, communicates, and effectively implements policies prohibiting discrimination and retaliation in the workplace, including a mechanism by which complaints of such conduct are investigated and effectively remediated.  Plaintiffs failed to take advantage of such preventative or corrective measures.

### Ninth Affirmative Defense

To the extent that Plaintiffs did lodge any work-related complaints, such complaints were fully investigated, and Family Dollar took prompt and effective remedial action in response to any complaints that were substantiated in whole or in part.

### Tenth Affirmative Defense

Plaintiffs has failed to set forth any basis upon which compensatory damages, punitive damages, or equitable relief may be granted.

### Eleventh Affirmative Defense

Plaintiffs failed to mitigate their damages.

### Twelfth Affirmative Defense

Plaintiffs' Amended Complaint fails to demonstrate that Family Dollar's conduct was egregious or that Family Dollar participated in or showed willful indifference to any wrongful conduct by its employees.

### Thirteenth Affirmative Defense

Any damages suffered by Plaintiffs were proximately caused by their own conduct and not the conduct of Family Dollar.

### Fourteenth Affirmative Defense

Family Dollar will rely on all lawfully available proper defenses that the evidence may reveal, and Family Dollar reserves the right to amend this Answer to state such defenses.


**WHEREFORE,** Family Dollar requests that this Court dismiss Plaintiffs' Amended Complaint with prejudice; that it enter judgment in favor of Family Dollar and against Plaintiffs on all counts; and that this Court award Family Dollar its costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

Respectfully submitted,

Of Counsel:

David G. Culley, Esquire (DE #2141)

Barbara Rittinger Rigo, Esq. (PA #76630)
Jacqueline R. Barrett, Esq. (PA #92433)
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
267.402.3040 (t)
267.402.3131 (f)
brigo@littler.com
jbarrett@littler.com

Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
Wilmington, DE  19899
(302) 658-6901
dculley@trplaw.com

Attorneys for Defendant
Family Dollar Stores, Inc.

Shanthi V. Gaur, Esq. (IL #06224996)
Littler Mendelson, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520 (p)
312.372.7880 (f)
sgaur@littler.com

Dated: Filed on July 24, 2009