IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DARLENE DAUGHTRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 08-963-SLR |
| | ) | |
| FAMILY DOLLAR STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 18th day of October, 2011, having reviewed plaintiff's pending motion for reconsideration and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 127) is denied for the reasons set forth below:

1. **Background**. This is an employment discrimination case brought by plaintiff against her former employer. Plaintiff has asserted a hostile work environment claim under 42 U.S.C. § 1981 and a retaliation claim under § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991. On December 29, 2010, plaintiff filed a motion for reconsideration of the court's order of December 20, 2010. (D.I. 127) In that December 20, 2010 order, the court considered plaintiff's objections to Magistrate Judge Stark's ruling on various discovery issues. (D.I. 125) The court denied plaintiff's request to compel the production of certain racial statistics, noting that "plaintiff's claims are not related to her tenure as, or demotion from being, a district manager." (*Id.* at ¶ 2) The court also noted that

plaintiff's objections were untimely. (*Id.*)

2. **Standard**. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court should only alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See id.* Plaintiff appears to move for reconsideration under the third prong of the above test.

3. **Discussion**. The court finds that plaintiff has not demonstrated a need to correct a clear error of law or fact to prevent manifest injustice. As the court noted in its December 20, 2010 order, plaintiff's objections were untimely. Moreover, for the reasons discussed more fully in the court's memorandum opinion dated October 18th, 2011, the court still finds that racial statistics relating to plaintiff's promotion/demotion are not relevant to her claims.

_____
United States District Judge